SCOTTIE SUE KELLY (NOW DICKERSON) v. RAYMOND DAVID KELLY

No. 7021DC328

(Filed 24 June 1970)

Appeal and Error § 14— dismissal of belated appeal from contempt order

Appeal from order holding defendant in contempt for failure to make child support payments is dismissed where (1) defendant did not attempt to appeal from the order until a month after it was entered, and (2) the record shows that defendant has purged himself of contempt by payment of the sum specified in the court's order and has entered into a compromise reducing the amount of the weekly support payment.

APPEAL by defendant from Alexander, Chief District Judge, January 1970 Session District Court, FORSYTH County.

In August 1963, plaintiff instituted an action in the Superior Court for divorce against the defendant and asked for custody of the children born of the marriage and support for them. Defendant answered, and the matter was heard at the 7 October 1963 Session. Judgment was entered on 7 October 1963 awarding custody of the children to the plaintiff, subject to visitation privileges in the defendant, and providing for the payment by defendant of the sum of $25 per week for the support and maintenance of the three children.

On 26 November 1969 plaintiff moved for an order directing defendant to show cause why he should not be adjudged in contempt of court for his willful refusal to obey the order entered 7 October 1963, alleging that no payment had been made since 7 February 1967 and that defendant was in arrears in the sum of $3675. An

order was entered on 26 November 1969, served on defendant with a copy of the motion on 28 November 1969, and the matter was heard on 9 December 1969. At that hearing, defendant was not represented by counsel, but he and his mother testified. The record reveals that "[a]t the conclusion of this proceeding, Judge Rhoda B. Billings adjudged that the defendant, Raymond David Kelly, was in contempt of court judgment of October 7, 1963, for failure to provide weekly support payments as required by said judgment of October 7, 1963. The Judge told the defendant in open court to appear at 2:00 p.m., January 8, 1970, and demonstrate to the court that he had paid $200.00 to the plaintiff for the support of the minor children of the parties and that he was gainfully employed in order to purge himself of contempt of the judgment of October 7, 1963."

An order finding facts and making conclusions of law was entered on 2 January 1970 by which defendant was found in contempt and continuing the cause until 8 January 1970 at 2:00 p.m. to permit defendant to purge himself of contempt by demonstrating that he had paid $200 to the plaintiff for the children and that he was gainfully employed. Defendant did not appeal from this order.

On 2 January 1970, defendant filed a motion to vacate the judgment of 7 October 1963, based upon a change of circumstances, and asked that the motion be heard on 15 January 1970.

On 15 January 1970, the cause came on to be heard before Judge Alexander who stated that the only purpose of the hearing was to determine whether defendant would purge himself of contempt. Plaintiff, in open court, tendered a motion to quash defendant's motion of 2 January 1970 (to vacate the 7 October 1963 order). Plaintiff's motion was allowed, the court holding that in view of the fact that an order had been entered on 2 January 1970 adjudging defendant in contempt from which no appeal had been taken, the court could not, as a matter of law, entertain defendant's motion.

During the course of the hearing counsel for plaintiff and defendant arranged a compromise whereby defendant would pay directly to the plaintiff $200, in order to purge himself of contempt and to begin to make support payments of $20 per week thereafter.

An order was entered on 16 January 1970 finding facts and making conclusions of law and directing that "any further deviation from the order of Judge Billings will be subject to instanter process, subject only to the reduction of $5.00 per week which the court in its discretion and of its own motion changed but which did not change the previous adjudication in any respect." The order further

provided as follows: "WHEREFORE (sic), the reasons hereinabove stated, the adjudication of Judge Billings is the prevailing order of this court."

From the entry of this order defendant, in open court gave notice of appeal, and on 2 February 1970, defendant filed exceptions to the order of 2 January 1970.

*Hayes, Hayes and Sparrow, by James M. Hayes, Jr., and W. Warren Sparrow, for plaintiff appellee.*

*Harris, Poe, Cheshire and Leager, by W. Brian Howell, for defendant appellant.*

MORRIS, J.

Defendant seeks by this appeal to have set aside the order of 2 January 1970 contending, among other things, that the court failed to find that the defendant had the means to comply with the previous order of the court. While it may be that if properly presented, the contentions might have merit, the questions raised by defendant are not before us. The order was entered 2 January 1970, and defendant attempted to appeal therefrom on 2 February 1970. His attempted appeal thus comes much too late. We note also that the record is clear that the defendant agreed to and did pay the $200 required to extinguish the arrearage of $3675 and further entered into a compromise reducing the weekly payments from $25 to $20.

For the reasons stated herein defendant's appeal is dismissed.

MALLARD, C.J., and GRAHAM, J., concur.